UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11 00054-JST (MLGx)                                    Date: January 31, 2011
Title:  United States Fire Insurance Company v. Uribe Trucking, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                               Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

   This action was filed in this Court on January 11, 2011.  However, it appears that the Court may lack subject matter jurisdiction for the reason(s) opposite the box(es) checked:

   [ ]   Jurisdiction is asserted on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 but it does not appear that any of the claims "arise under" federal law.

   [ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

   [ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties.  Diversity is based on citizenship.

   [ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings fail to allege the citizenship of some of the parties.

   [ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11 00054-JST (MLGx)                                Date: January 31, 2011
Title:  United States Fire Insurance Company v. Uribe Trucking, Inc., et al.

        U.S.C. § 1332.  A partnership, limited liability company, or other unincorporated association is joined as a party.  The Court must consider the citizenship of each of the members or partners, including limited partners.  *See generally Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (partnership); *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965) (labor union); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) (limited liability company); *Rockwell Int'l Credit Corp. v. U.S. Aircraft Ins. Grp.*, 823 F.2d 302 (9th Cir. 1987), *overruled on other grounds by Partington v. Gedan*, 923 F.2d 686, 687 (9th Cir. 1991) (unincorporated association).  The citizenship of each of the entity's partners or members has not been sufficiently alleged.

[x]    Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Some of the parties are corporations.  The Complaint is deficient because the Complaint does not state both the respective state(s) of incorporation and principal place of business.  28 U.S.C. § 1332(c).

[ ]    Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, one or more of the parties is named in a representative capacity, and the citizenship of the represented person is not alleged or appears not to be diverse.  28 U.S.C. § 1332(c)(2).

[ ]    Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the matter in controversy does not appear to exceed $75,000, exclusive of interest and costs.

[ ]    Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a); the action involves multiple plaintiffs and/or is a class action.  The complaint is deficient because it does not state that at least one of the named plaintiffs has a claim exceeding $75,000.  Where the action does not implicate a common fund or a joint interest, at least one of the named plaintiffs must meet the amount in controversy requirement.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).  Where injunctive relief is sought in a multiple plaintiff action, the Ninth Circuit has held that "the amount in controversy requirement cannot be satisfied

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 11 00054-JST (MLGx) | Date: January 31, 2011 |
| Title:  United States Fire Insurance Company v. Uribe Trucking, Inc., et al. | |

[merely] by showing that the fixed administrative costs of compliance exceed $75,000." *In re Ford Motor Co.*, 264 F.3d 952, 961 (9th Cir. 2001).

[ ]   Jurisdiction is asserted on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d).  The complaint is deficient because:

  [ ]   the total claims of individual class members do not appear to exceed $5,000,000 in the aggregate.  28 U.S.C. § 1332(d)(2), (5).

  [ ]   the pleadings fail to allege that any member of a plaintiff class is a citizen of a state different from any defendant, that any member of a plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a state, or that any member of a plaintiff class is a citizen of a state and any defendant is a citizen or subject of a foreign state.  28 U.S.C. § 1332(d)(2).

  [ ]   it appears that the primary defendants are states, state officials, or other governmental entities.  28 U.S.C. § 1332(d)(5)(A).

  [ ]   it appears that the total number of members of all proposed plaintiff classes is less than 100.  28 U.S.C. § 1332(d)(5)(B).

  [ ]   the action appears to involve solely securities claims or claims relating to corporate governance as described in 28 U.S.C. § 1332(d)(9).

  [ ]   the action involves an unincorporated association, but its principal place of business has not been established.  28 U.S.C. § 1332(d)(10).

  [ ]   the action involves an unincorporated association, but its state of organization has not been established.  28 U.S.C. § 1332(d)(10).

[ ]   Other:

  Accordingly, the Court orders plaintiff(s) to show cause in writing no later than February 7, 2011 why this action should not be dismissed without prejudice for lack of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 11 00054-JST (MLGx)                                     Date: January 31, 2011

Title:  United States Fire Insurance Company v. Uribe Trucking, Inc., et al.

subject matter jurisdiction.  If plaintiff(s) require(s) additional discovery to establish the citizenship of one or more defendants, plaintiff(s) may request additional time to engage in jurisdictional discovery, provided that such a request is made on or before the above deadline.  Failure to respond by the above date will result in the Court dismissing this action.

　　　The Court further orders that plaintiff(s) shall promptly serve this minute order on any defendant who has been served with the Complaint, or who is served before the date specified above.

　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer:  <u>enm</u>